**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Northern Division*

|                        |     |                        |
| ---------------------- | --- | ---------------------- |
|                        | *   |                        |
| WILLIAM HARDEN,        | *   |                        |
|                        | *   |                        |
|     Plaintiff,         | *   |                        |
|                        | *   |                        |
| v.                     | *   | Case No.: WDQ-09-1123  |
|                        | *   |                        |
| WICOMICO COUNTY, *et al.*, | * |                      |
|                        | *   |                        |
|     Defendants.        | *   |                        |
|                        | *   |                        |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM OPINION**

This Memorandum Opinion addresses Plaintiff William Harden's Motion to Strike the Errata Sheet of Defendant Douglas Devenyns, Paper No. 27; Defendants Wicomico County and Douglas Devenyns's Opposition to Motion to Strike Errata Sheet, Paper No. 28; and Plaintiff's Reply to Defendant's [sic] Opposition to Motion to Strike the Errata Sheet of Defendant Douglas Devenyns, Paper No. 29.   The motion has been fully briefed by Counsel in their characteristically thorough and helpful fashion, rendering a hearing unnecessary.  Local Rule 105.6.  Although the issue is a close one, for the reasons stated herein, Plaintiff's Motion to Strike is GRANTED.

Plaintiff filed suit on May 1, 2009, alleging unlawful retaliation by his employer in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e).  Paper No. 1.  On August 18, 2009, Plaintiff deposed Devenyns, whose alleged sexual misconduct Plaintiff had investigated. Pl.'s Mot. ¶ 1.   At the end of the deposition, Devenyns's attorney stated that Devenyns would "read and sign" the deposition transcript. Pl.'s Mot. Ex. A, Devenyns Dep. 207:20-21, Aug. 18, 2009, Paper No. 27-1 ("Devenyns Dep.").  On August 22, 2009, Plaintiff

submitted the deposition transcript to Devenyns for review and "forewarned" Devenyns that "if he failed to return the signed transcript and any correction sheet within thirty days, the transcript would be treated as if signed by him." Pl.'s Mot. ¶ 2; Devenyns Dep. 210:4-7.

In a letter dated October 21, 2009, Devenyns's attorney submitted to the Schafer Reporting Company a correction sheet for Devenyns's deposition transcript and forwarded a copy to Plaintiff's counsel.  Pl.'s Mot. ¶ 3 & Ex. B, Paper No. 27-2.  Devenyns's first three corrections modified dates, and the last changed an answer he had provided.  Pl.'s Mot. Ex. B. The August 18, 2009 transcript read:

> [Plaintiff's counsel]: Would you agree that the conduct attributed to you — I know you deny that it happened — but the sexual misconduct attributed to you might be deemed harassment as prohibited by [Wicomico County's sexual harassment] policy; would you agree?

> [Defendants' counsel]: Objection.

> [Plaintiff's counsel]: If it happened.

> [Defendants' counsel]: Objection.

> [Devenyns]: If such conduct occurred, then in all likelihood it would fall under this policy.

Devenyns Dep. 206:18–207:7.

On the correction sheet, Devenyns stated that his answer to Plaintiff's counsel's question "[s]hould read 'Upon further careful review of the county's sexual harassment policy I do not think the conduct attributed to me would constitute sexual harassment even if it were true. This is because the elements necessary to establish a sexual harassment claim do not exist.'"  Pl.'s Mot. Ex. B.

Plaintiff argues that the errata sheet should be struck, Pl.'s Mot. ¶ 10, because while Fed. R. Civ. P. 30(e) permits changes to the "form or substance" of deposition testimony, those

changes must be "made within 30 days of notification that the transcript is available" for review and be "accompanied by the reasons for making them," Pl.'s Mot. ¶ 7.  According to Plaintiff, Devenyns's corrections were submitted outside of the thirty-day window, and no reason accompanied the last correction.  *Id.*  Also, Plaintiff alleges that the last correction "materially changes" Devenyns's testimony.  *Id.* ¶ 10.  Citing *Wyeth v. Lupin, Ltd.*, 252 F.R.D. 295, 297 (D. Md. 2008), Plaintiff asserts that "allow[ing] this type of correction would undermine Rule 30(e)" by "encourag[ing] and intensify[ing] lawyer wordsmithing and parsing."  Pl.'s Mot. ¶¶ 9-10. Plaintiff further requests that the Court "preclude Director Devenyns from relying on the errata sheet at trial."  *Id.* at 3.

Defendants contend that "Devenyns' correction of a mistaken statement, made upon further review of the exhibit underpinning the question, is permitted under the Rules and the relevant authority."  Defs.' Opp'n 3.  They claim that the reason for the correction is stated within the correction itself, i.e., Devenyns performed a "'more careful review,'" and "the reason for the change is that the witness's deposition response incorrectly reflected his opinion regarding the application of the terms of the sexual harassment policy."  *Id.* at 4-5.  While conceding that "the errata sheet was provided outside the thirty (30) day window," they argue that "the delay has resulted in no prejudice to the Plaintiff."  *Id.* at 7.

Defendants insist that Fed. R. Civ. P. 30(e)(1) "expressly contemplate[s]" substantive changes. Defs.' Opp'n 7.  Claiming that "Devenyns corrected a misstatement," they advocate for a "broader application of the Rule" to allow for the correction of "'a misstatement or honest mistake.'"  *Id.* at 6 (quoting *Reilly v. TXU Corp.*, 230 F.R.D. 486, 490 (N.D. Tex. 2005)).  They distinguish *Wyeth*, 252 F.R.D. 295, by pointing out that "wordsmithing" is distinct from making "a correction based on reconsideration of the question posed." Defs.' Opp'n 7.  Defendants

elaborate: "Correcting a mistaken response in light of further consideration of the question and the material underpinning the question, is not the equivalent to wholesale alteration of one's testimony in order to bolster an argument, nor should it be treated as such." *Id.* at 9.  In their view, the correction did not "materially alter the deposition testimony as a whole." *Id.* at 10.

Plaintiff replies that, notwithstanding the possibility that substantive changes may be permissible, "'[a] witness who fails to submit any changes or return the signed errata sheet within the time period allowed waives the right to make corrections to the transcript.'" Pl.'s Reply ¶ 2 (quoting Steven Baicker-McKee et al., Federal Civil Rules Handbook 719 (2008)).  He asks that if the Court denies his Motion to Strike, he "be given the opportunity to reopen the deposition of Director Devenyns at the cost and expense of Director Devenyns." *Id.* ¶ 3.

Fed. R. Civ. P. 30(e)(1) provides:

**(e) Review by the Witness; Changes.**

**(1)** ***Review; Statement of Changes.*** On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

**(A)** to review the transcript or recording; and

**(B)** if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Devenyns's errata sheet must be struck on procedural and substantive grounds: It is untimely, lacks an adequate reason, and is not the type of substantive change that Fed. R. Civ. P. 30(e) contemplates.

Devenyns submitted the errata sheet on October 21, 2009, sixty days after Plaintiff submitted the deposition transcript to him.  Pl.'s Mot. Ex. B.  "Rule 30(e) clearly states a 30 day time limitation for modification of transcripts and fails to formulate any exception to the rule."

*In re Grant*, 237 B.R. 97, 108 (Bankr. E.D. Va. 1999).  Fed. R. Civ. P. 30(e) was revised "to reduce problems sometimes encountered when depositions are taken stenographically," such as the difficulties that arise in getting deponents to sign and return their depositions.  Advisory Committee Notes to 1993 Amendments to Fed. R. Civ. P. 30(e).  As a general matter, it would be contrary to the purpose of the rule to permit changes submitted sixty days later.  Indeed, the "'[f]ailure of the party or deponent to return the deposition with properly executed changes within 30 days constitutes "a waiver of the right to examine and read the transcript."'" *Soto v. McLean*, Nos. 7:96CV134BR2, 7:96CV135BR2, 1998 WL 1110688, at *2 (E.D.N.C. 1998) (quoting *Qatar Nat'l Navigation & Transp. Co. v. Citibank, N.A.*, No. 89-CIV-464, 1996 WL 601540, at *1 (S.D.N.Y. Oct. 18, 1996) (quoting *Calloway v. Marvel Entm't Group*, 110 F.R.D. 45, 52 (S.D.N.Y. 1986))); *see Blackthorne v. Posner*, 883 F. Supp. 1443, 1454 (D. Or. 1995) (finding that plaintiff waived opportunity to make changes because he failed to make changes within thirty days).   This is not an instance where the changes were late by only a day or two, which has been excused by some courts.   Steven S. Gensler, Federal Rules of Civil Procedure: Rules and Commentary  530 (West 2009) ("Gensler") ("courts generally will not necessarily exclude corrections that are untimely by only a day or two") (citing *Hambleton Bros. Lumber Co. v. Balkin Enters*., 397 F.3d 1217, 1224 (9th Cir. 2005)).

Further, while Defendants concede that Devenyns's changes were untimely, they argue that Plaintiff has shown no prejudice and therefore the Court should accept the tardy responses.  This argument is unpersuasive.  Rule 30(e) imposes a thirty-day limit for filing changes.  It does not state that the deadline can be ignored so long as there is no prejudice to the opposing party.  The party who noted the deposition is entitled to rely on the thirty-day deadline absent some justification for the delay.  Here, Defendants offer no such justification.  Rather, Defendants

attempt to shift the burden of noncompliance with the rule to Plaintiff, without explaining why Devenyns was unable to complete his review and revision within the time allotted.  Those who would take advantage of Rule 30(e) and make substantive changes to their deposition testimony would be wise to comply with the rule before doing so, or offer a more compelling explanation than that provided here to justify their noncompliance.

Even were I to find that Devenyns's changes were not waived as untimely, he still has not complied with the rule.  Devenyns's errata sheet arguably provides a reason for making his last correction, *see* Fed. R. Civ. P. 30(e)(1)(B), because a reason is evident in the text of the change. By stating that he performed "further careful review of the county's sexual harassment policy," and determined that "the elements necessary to establish a sexual harassment claim do not exist," Pl.'s Mot. Ex. B, Devenyns arguably explained that he changed his answer because his continued examination of the policy led him to a different conclusion with regard to his actions.  But, to the extent that a reason exists within the text of the answer, it is a reason in form only.  "The reasons given for the changes cannot be conclusory."  Gensler, *supra*, at 530 (citing *Crawford v. Mare Mortgage, LLC*, 2006 WL 1892072, at *1 (S.D. Miss. 2006)).  Entirely absent from Devenyns's "reasons for making" the changes is any explanation of which "elements" of a harassment claim are absent, or why he was unable to state them during the deposition, as opposed to sixty days later after he had an opportunity to study the transcript, consult with counsel, and reflect on the adverse impact that his original answer may have had.  Devenyns's explanation of what specifically led him to change his answer is, as Plaintiff points out, conclusory, and therefore insufficient.

Moreover, through his errata sheet, Devenyns sought to alter his deposition testimony substantively, by changing an answer from stating that "in all likelihood," his alleged conduct

"would fall under" the sexual harassment policy, Devenyns Dep. 207:6-7, to stating that he did "not think" the alleged conduct "would constitute sexual harassment," Pl.'s Mot. Ex. B.   As Judge Gauvey recently noted, "[c]ourts are split on the latitude to be afforded a deponent under Fed. R. Civ. P. 30(e) to change his or her testimony with no controlling authority in the Fourth Circuit." *Wyeth*, 252 F.R.D. at 296; *see Foutz v. Town of Vinton, Va.*, 211 F.R.D. 293, 294-95 (W.D. Va. 2002) (collecting cases).   A majority of courts interpret Rule 30(e) literally to allow for any timely, substantive change for which a reason is given.   *E.g.*, *Foutz*, 211 F.R.D. at 295 (concluding that substantive, contradictory changes are permissible provided that deposition is "reopened to give the defendants the opportunity to impeach [the deponent] with his contradictory answers"); *Holland v. Cedar Creek Min., Inc.*, 198 F.R.D. 651, 652 (S.D. W. Va. 2001) (construing Rule 30(e) to provide for substantive changes); *Podell v. Citicorp Diners Club, Inc.*, 914 F. Supp. 1025, 1034 (S.D.N.Y. 1996) (stating that substantive, contradictory changes are permissible), *aff'd*, 112 F.3d 98, 103 (2d Cir. 1997); *United States ex. rel Barbara Burch v. Piqua Eng'g*, 152 F.R.D. 565, 566-67 (S.D. Ohio 1993) (stating that, provided the changes are timely and accompanied by reasons, changes "of any sort are permissible, even those which are contradictory or unconvincing"); *see also DeLoach v. Philip Morris Cos*., 206 F.R.D. 568, 572 (M.D.N.C. 2002) (allowing changes that were substantive but not contradictory because they "simply explain[ed] his answer in more detail," and allowing changes that "were based on [the deponent's] knowledge of the complaint, a copy of which was not before him during the deposition").

However, a growing minority recognizes limitations to the scope of permissible changes to deposition testimony under Fed. R. Civ. P. 30(e).   *E.g.*, *Wyeth*, 252 F.R.D. 295 (discussed *infra*); *Rios v. Welch*, 856 F. Supp. 1499, 1502 (D. Kan. 1994) (stating that a deponent may not

"virtually rewrite" his answers), *aff'd on other grounds*, 67 F.3d 1543 (10th Cir. 1995); *Greenway v. Int'l Paper Co.*, 144 F.R.D. 322, 325 (W.D. La. 1992) (stating that Rule 30(e) is designed to allow corrections to reporter's errors and "cannot be interpreted to allow one to alter what was said under oath"); Gensler, *supra*, at 531-32 ("A significant—and perhaps growing— minority view, however, limits changes under Rule 30(e) to 'corrective, and not contradictory, changes.'") (citing, *e.g.*, *Hambleton Bros.*, 397 F.3d at 1225-26; *Burns v. Bd. of County Comm'rs of Jackson County*, 330 F.3d 1275, 1281-82 (10th Cir. 2003)).

*Wyeth*, 252 F.R.D. 295, is the most recent decision in this district. There, the plaintiff moved to strike the errata sheet submitted after a Fed. R. Civ. P. 30(b)(6) deposition in which the witness was provided with documents to review and questioned with regard to those documents. *Id.* at 295, 297. The court noted that Fed. R. Civ. P. 30(e) contemplates changes "in form or substance," but concluded that limitations exist on the scope of substantive changes. *Wyeth*, 252 F.R.D. at 296. The court explained:

> "[A] deposition is not a take home exam. The errata sheet 'clarifications' in this case are akin to a student who takes her in-class examination home, but submits new answers only after realizing a month later that the import of her original answers could possibly result in a failing grade."

*Id.* at 297 (quoting *Donald M. Durkin Contracting, Inc. v. City of Newark*, No. 04-163 GMS, 2006 WL 2724882, at *5 (D. Del. Sept. 22, 2006)) (internal citations omitted). The *Wyeth* Court granted the motion to strike the errata sheet, reasoning the changes did "not clarify but materially change[d] the answers," and "represent[ed] lawyerly fixing of potentially problematic testimony." *Id.* It stated: "Rather than advancing the pursuit of truth in discovery, a policy of liberal 'amendments' and 'corrections' would encourage and intensify lawyer wordsmithing and parsing." *Id.*

Here, at Devenyns's deposition, Plaintiff presented Devenyns with a six-page excerpt of the Wicomico County Personnel Manual that included the County's sexual harassment policy, Defs.' Opp'n Ex. A, Paper No. 28-1, and asked him to apply the policy to his alleged conduct. During the deposition, Devenyns reviewed the materials and provided the answer at issue. Devenyns Dep. 206:5–207:7.   While Defendant Devenyns's attorney objected to the question, Devenyns answered it and acknowledged that, if the Plaintiff's contentions were true, his conduct would "in all likelihood" fall within the scope of the prohibited activity listed in the County's sexual harassment policy.   *Id.*   It is noteworthy that Devenyns did not state that he needed more time to read the policy or to reflect on it.   Nor did he appear to have any difficulty comprehending the question, or considering his alleged misconduct in light of the County's policy.   Devenyns's post-deposition "correction" to his testimony would change his acknowledgment of a violation of the policy if Plaintiff's version of the facts is proved, to a denial, based on the explanation, likely supplied by his counsel, that "the elements necessary to establish a sexual harassment claim do not exist."   As discussed *supra*, this statement is not only completely contradictory to his original testimony, but also conclusory.

At this juncture, were the Court to permit the requested substantive change, I certainly would agree with Plaintiff's counsel that he should be permitted to reopen the deposition to explore Devenyns's revised answer.   *See DeLoach*, 206 F.R.D. at 570 ("district courts have provided another safeguard against abuse by allowing the deposing party to reopen the examination if the changes render the deposition useless or incomplete without additional testimony"); *Foutz*, 211 F.R.D. at 294 (same); Gensler, *supra*, at 531 ("if the altered answers render the deposition incomplete, the deposing party may move to reopen the deposition at the expense of the party or witness making the changes") (citing *Walker v. George Koch Sons, Inc*.,

2008 WL 4371372, at *3 (S.D. Miss. 2008); *Reilly*, 230 F.R.D. at 489).  This would further extend the discovery cutoff and possibly the deadline for filing dispositive motions, which is unjustified on the record before me.

As for any prejudice to Devenyns caused by denying his belated attempt to modify his answer, there is little or none.  First, a timely objection was noted to the question itself, which will permit Devenyns to move to exclude his answer if it is shown to be substantively inadmissible.  Second, the fact that his original answer stands will not prevent Devenyns from offering an explanation at trial to explain or otherwise attempt to mitigate the effects of his answer. *See Wyeth*, 252 F.R.D. at 297.

On the record before me, this case presents an example of where the minority interpretation of Rule 30(e) is more appropriate than the majority view, which applies the rule literally.

Accordingly, Plaintiff's Motion to Strike is GRANTED, and the errata sheet is hereby stricken and may not be used at trial.  A separate Order to that effect shall issue.

Dated:  December 9, 2009

_____ /S/_____
Paul W. Grimm
United States Magistrate Judge

lmy